UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

STANLEY LOMAX,

    Petitioner,

v.

HECTOR JOYNER, Warden,

    Respondent.

Civil Action No. 7: 23-21-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Stanley Lomax has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 2002 and 2003, Lomax and eight compatriots committed more than a dozen armed bank robberies in the Chicago suburbs. In May 2004, a 26-count federal indictment charged Lomax with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and one count of brandishing and discharging a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). In April 2005 a jury found Lomax guilty on all charges. The trial court sentenced Lomax to 188 months imprisonment. *United States v. Lomax*, No. 1: 04-CR-531-8 (N.D. Ill. 2004). The Seventh Circuit affirmed. *United States v. Griffin*, 493 F.3d 856 (7th Cir. 2007).

Lomax filed an original and several successive motions seeking relief under 28 U.S.C. § 2255, without success. Most recently, Lomax sought permission to file a successive § 2255 motion, cryptically arguing that his Section 924(c) conviction was invalid in light of the Supreme Court's recent decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022). In *Taylor*, the Supreme Court held that "whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause [of §924(c)]." *Id*. at 2020. The Seventh Circuit denied the motion, noting that *Taylor* did not apply because Lomax's conviction under § 924(c) "was expressly predicated on the completed Hobbs Act robbery." *In re: Lomax*, No. 22-3123 (7th Cir. Dec. 2, 2022).

Lomax's § 2241 petition reasserts his argument under *Taylor*. But a prisoner wishing to challenge his conviction pursuant to § 2241 must point to a new decision of the United States Supreme Court which establishes as a matter of statutory interpretation that his conduct did not violate the statute he was convicted of violating. *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021); *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). Lomax cannot make that showing because he was not convicted of attempted Hobbs Act robbery, the only matter at issue in *Taylor*, but instead of conspiracy to commit Hobbs Act robbery and of actual Hobbs Act robbery. *Cf. Whitaker v. Hudson*, No. 22-3232-JWL, 2022 WL 17822515, at *2 (D. Kan. Dec. 6, 2022) (denying 2241 petition invoking *Taylor* because "that holding does not directly apply to petitioner's conviction, which was

2

based on *conspiracy* and *aiding and abetting* Hobbs Act robbery.  The Tenth Circuit has confirmed that *Taylor's* holding concerning *attempted* Hobbs Act robbery does not affect its previous holding that a *completed* Hobbs Act robbery constitutes a crime of violence under Section 924(c).") (emphasis in original); *Irizarry v. Ramos*, No. 5:20-HC-02190-M, 2023 WL 396138, at *11 (E.D.N.C. Jan. 25, 2023) (rejecting § 2241 petition relying on *Taylor* where "the plea agreement instead reflects that [petitioner] pleaded guilty to substantive Hobbs Act robbery, which satisfies the elements or "use-of-force" clause of § 924(c)(3)(A).").  Lomax therefore fails to satisfy the gatekeeping provisions of 28 U.S.C. § 2255(e).

Accordingly, it is **ORDERED** as follows:

1. Lomax's petition for a writ of habeas corpus [R. 1] is **DISMISSED** for lack of jurisdiction.

2. The Court will enter a corresponding Judgment.

3. This action is **STRICKEN** from the Court's docket.

Entered:  March 14, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY